IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| HILDA L. SOLÍS, Secretary of Labor, U.S. Department of Labor,<br><br>    Plaintiff<br><br>    v.<br><br>HOGAR DE ANCIANOS SOL Y MAR, INC. d/b/a HOGAR SOL Y MAR 2, et al.,<br><br>    Defendants | CIVIL NO. 09-1630 (JP) |

**JUDGMENT BY DEFAULT**

    The Court has before it a motion for default judgment as to Defendants Hogar de Ancianos Sol y Mar, Inc. d/b/a Hogar Sol y Mar 2 ("Sol y Mar") and Marisol Mercado ("Mercado") (**No. 11**) filed by Plaintiff Hilda L. Solís, Secretary of Labor, United States Department of Labor. Plaintiff's motion is unopposed.

    By way of background, Plaintiff filed the instant action for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") on July 7, 2009. Defendants were served on July 21, 2009 (No. 7). On August 21, 2009, Defendants moved for an extension of time to answer (No. 8) and the Court granted Defendants until September 21, 2009 (No. 9). Defendants failed to answer or otherwise plead prior to the extended deadline, and Plaintiff subsequently moved for entry of default and default judgment (No. 11). In support of the motion for default judgment, Plaintiff attached a sworn

CIVIL NO. 09-1630 (JP)          -2-

statement by Wanda López ("López"), an investigator for the U.S. Department of Labor in the Caribbean District Office. López's statement alleges that she conducted an investigation of Defendants' business, and that the facts alleged in the complaint are supported by the results of her investigation.

Upon consideration of Plaintiff's motion and the Clerk's entry of default (No. 15) against Defendants Sol y Mar and Mercado, the Court enters the following findings of fact:

(1) Defendants Sol y Mar and Mercado have violated the minimum wage, overtime, and record keeping provisions of the FLSA;

(2) Defendants have failed to pay minimum wage and overtime compensation in a total amount of $120,591.20.

Pursuant to these findings of fact, and in accordance with the FLSA provision for an additional penalty of liquidated damages in an amount equal to the withheld wages, 29 U.S.C. § 216(d), the Court hereby **ENTERS JUDGMENT FOR PLAINTIFF HILDA L. SOLÍS, UNITED STATES SECRETARY OF LABOR, TO HAVE AND RECOVER** from Defendants Hogar de Ancianos Sol y Mar, Inc. d/b/a Hogar Sol y Mar 2 and Marisol Mercado the total amount of **TWO HUNDRED FORTY ONE THOUSAND, ONE HUNDRED EIGHTY TWO DOLLARS AND FORTY CENTS ($241,182.40).**

In addition, the Court hereby enters the following **ORDERS**:

1. Defendants, their officers, agents, employees, and those persons in active concert or participation with them are hereby

CIVIL NO. 09-1630 (JP)        -3-

permanently enjoined and restrained from violating the provisions of the FLSA, as explained in more detail below.

   2.   Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the FLSA.

   3.   Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, employ any of their employees in any workweek who are employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the FLSA, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

   4.   Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the FLSA and found at 29 C.F.R. Part 516.

   5.   Defendants are further restrained from the withholding of the payment of minimum wage and overtime compensation in the amount

CIVIL NO. 09-1630 (JP)            -4-

of $120,591.20 hereby found to be due to the employees identified on the summary of unpaid wages attached to Plaintiff's motion for default judgment (No. 11) for the period beginning October 31, 2006 through October 4, 2009.

    6.   Defendants are further restrained from the withholding of the separate payment of liquidated damages in the amount of $120,591.20 pursuant to Section 16(c) of the FLSA.

    7.   The total amount of back wages and liquidated damages due is $241,182.40. Defendants remain liable for additional back wages and liquidated damages as provided for under Paragraph 10.

    8.   The provisions of Paragraphs 4 and 5 of this judgment shall be deemed satisfied when Defendants deliver to the Plaintiff two certified checks as follows: (1) a certified check for $120,591.20 made payable to "Wage and Hour Division-Labor" for the payment of back wages and (2) a certified check for $120,591.20 made payable to "Wage and Hour Division, Labor" for the payment of liquidated damages. Both certified checks should be sent to the following address:

    U.S. Department of Labor
    Wage and Hour Division
    170 S. Independence Mall West, Suite 850W
    Philadelphia, PA  19106

    "Case No. 1515465" must be written on the face of each certified check.

CIVIL NO. 09-1630 (JP)            -5-

    9.   Plaintiff shall distribute the proceeds of the back wage and liquidated damages checks to the individuals listed on the summary of unpaid wages attached to Plaintiff's motion for default judgment (No. 11), or to their personal representatives or their estates if that be necessary, less any legal deductions for social security and withholding taxes. Any sums not so paid within a period of three years from the date of receipt, because of inability to locate the proper persons or because of their refusal to accept such sums, shall be deposited with the Clerk of this Court who shall deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §§ 2041 and 2042.

    10.   IT IS FURTHER ORDERED that Defendants shall provide to Plaintiff a list of the names of any and all individuals who worked at HOGAR DE ANCIANOS SOL Y MAR, INC. d/b/a HOGAR SOL Y MAR during the period October 31, 2006 through the date of this Judgment along with their last known addresses and phone numbers. Defendants shall also provide to Plaintiff any and all documents concerning the hours worked by Defendants' employees including, but not limited to, attendance records, logs, and sign-in sheets, and records indicating hours worked on a daily, weekly and/or biweekly period and any and all documents concerning the wages paid to all of Defendants' employees including straight time, overtime, on a weekly, bi-weekly or other basis as well as wage rates for the period of October 31, 2006 through the date of this Judgment. Any and all documents shall

CIVIL NO. 09-1630 (JP)          -6-

be produced to Plaintiff by Defendants within 30 days of the date this Judgment.

    11.  Plaintiff retains the right for a period of eighteen months from the date of this Judgment to petition this Court for additional findings of monetary underpayments and liquidated damages for employees and amounts determined by Plaintiff to be due for the period from October 31, 2006 through the date of this Judgment.

    **IT IS SO ORDERED.**

    In San Juan, Puerto Rico, this 13th day of January, 2010.

                                           s/Jaime Pieras, Jr.
                                              JAIME PIERAS, JR.
                               U.S. SENIOR DISTRICT JUDGE